UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:06-CV-48-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GEORGE E. BURDICK and | ) | |
| PHYLLIS F. (BURDICK) NICHOLSON, | ) | |
| Defendants. | ) | |

This matter is before the court upon the Government's Renewed Motion for Summary Judgment [DE-34] and Defendant George E. Burdick's Motion to Allow Discovery [DE-41]. These motions are ripe for disposition.

## I. FACTUAL AND PROCEDURAL HISTORY

The Government initiated this action in this court on March 15, 2006, against Defendants George E. Burdick ("Burdick") and Phyllis F. (Burdick ) Nicholson ("Nicholson") seeking judgment and foreclosure of the real property securing a Farmers Home Administration[1] loan. On April 13, 2006, the Government filed a letter written by Defendant Nicholson dated March 31, 2006, along with documents from Defendant Nicholson. *See* Notice [DE-6]. Within the letter, Defendant Nicholson purports to "waive " her right to an appearance in this action. After receiving an extension of time, Defendant Burdick filed an Answer on May 15, 2006.

The Government filed a Motion for Judgment on the Pleadings [DE-12] on July 12, 2006. Thereafter, Defendant Burdick filed a Motion to Allow Discovery, and a response to the Motion for Judgment on the Pleadings. In an order filed on March 13, 2007, this court converted the

---

[1] The Farmers Home Administration was the predecessor to the current Farm Service Agency.

Motion for Judgment on the Pleadings to a motion for summary judgment. The court found that there appeared to be a genuine issue of material fact as to the Defendants' default under the Note and Deed of Trust. This court perceived that the parties possessed actual evidence and supporting documentation that would support their contentions; therefore, the court permitted the Government to move again for summary judgment within twenty (20) days of the filing date of the order and to include proper evidentiary support of the alleged default. The Government has so moved, and Defendant Burdick has responded, and filed another Motion to Allow Discovery. The Government has replied, and all motions are ripe for ruling.

Based on the pleadings, memoranda, and exhibits filed by the Government and Defendant Burdick, the following is a summary of the undisputed facts. On or about October 27, 1970, Defendants Burdick and Nicholson executed a promissory note ("Note") payable to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, in the original principal amount of $32,000.00. *See* Complaint [DE-1], Ex. A. To secure the Government's loan, Defendants executed a deed of trust ("Deed of Trust") recorded in Book S-8 at Page 375 the Martin County Registry. *See* Complaint [DE-1], Ex. B. The Deed of Trust constitutes a first and paramount lien on the premises described therein. Mem. in Support of Renewed Mot. for Summ. J. [DE-35], Aff. of Joe D. Austin at ¶ 6. The Deed of Trust requires Defendants to pay when due all taxes, liens, judgments, encumbrances and assessments lawfully attaching to or assessed against the property and to promptly deliver to the Government without demand receipts evidencing payment. *See* Complaint [DE-1], Ex. B. The Note also requires Defendants to make an annual payment in the amount of $1,865.00 on January 1, over a term of forty years. The Note and the Deed of Trust

2

also provide, *inter alia*, that in the event of a default the Government, at its option, may declare all or any part of such indebtedness secured by the Note and the Deed of Trust immediately due and payable. *See* Complaint [DE-1], Ex. A, Ex. B.

The FSA considered Defendants to be in default on July 30, 2004. In a letter dated that same day, and received by Defendant Burdick on August 4, 2004, the Government notified Defendant Burdick that he had defaulted under the Note and Deed of Trust by failing to pay the indebtedness in accordance with the Note and failing to pay all taxes assessed against the property insured by the Deed of Trust . *See* Mem. in Support of Renewed Mot. for Summ. J. [DE-35], Aff. of Joe D. Austin ¶ 6, Attachment C. The Government notified Defendant Burdick that it was accelerating the debt owed by the Defendants, and that the entire indebtedness secured by the Note was due. *Id.* Defendant Nicholson received an identical letter, dated January 12, 2005, on January 19, 2005. *Id..*

## II. ANALYSIS

### A. Standard of Review

Summary judgment is appropriate where the pleadings and discovery on file reveal that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party opposing the motion must "designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citation omitted). Only dispute over facts that might affect the outcome of the trial will preclude summary judgment. Factual disputes that are irrelevant or unnecessary will not defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### B. Foreclosure and Judgment

3

The Government renews its motion for summary judgment, and relies upon all the materials and pleadings previously submitted in this action, and also submits:

> a detailed declaration from Mr. Joe Austin, Farm Loan Specialist, with the FSA North Carolina State Office. Ex. 1. In his declaration, Mr. Austin outlines FSA's loan to the Defendants, the Defendants' default on their loan obligations, FSA's acceleration of the debt, Defendant Burdick's payments that did not cure the default, and FSA's referral of this matter to the United States Attorneys Office for prosecution. *Id.* Mr. Austin's declaration and the documents attached to the declaration clearly demonstrate the Defendants defaulted on their loan, and that the Government took appropriate action under both the Promissory Note and the Deed of Trust in bringing this foreclosure action. *Id.*
>
> Thus, all of the essential elements of this foreclosure action have been established. No questions of law or fact exist regarding the issues of debt, default, and authorization to foreclose under the Deed of Trust. The Court should enter judgment as a matter of law in favor of the United States.

Mem. in Support of Renewed Mot. for Summ. J. [DE-35] at pp. 2-3 (footnotes omitted).

In its March 13, 2007, Order [DE-32], this court observed that there appeared to be a genuine issue of material fact as to whether Defendant Burdick defaulted under the terms of the Note and Deed of Trust. Specifically, the court observed that in support of its argument that there is no genuine issue of material fact as to the issue of default, the Government cited to the "Affidavit of Indebtedness" that it attached to the Complaint in this action. *See* Compl. [DE-1], Ex. A ("Affidavit of Indebtedness"). As the court observed, the Affidavit of Indebtedness stated the current amount outstanding on the principal of loan, and the interest accrued through February 7, 2006, but did not attest to the alleged default itself.

As the Government's Memorandum in Support of the Renewed Motion for Summary Judgment makes clear, the Government is relying upon the affidavit of Farm Loan Specialist Joe Austin, and the exhibits attached thereto, to establish that Defendants defaulted under the

4

Promissory Note and Deed of Trust. Rather than averring as to how Defendants defaulted, however, Mr. Austin merely states that the "FSA considered the Burdicks to be in default on July 30, 2004," and cites to Notices of Acceleration of Debt that were sent to both Defendants. Mem. in Support of Renewed Mot. for Summ. J. [DE-35], Ex. 1, Attach. C.

Consequently, the court has examined both Notices of Acceleration, and observes that the Government informed Defendants of the following:

> The reason(s) for the acceleration of your indebtedness is (are) as follows:
>
> 1–You have failed to pay the indebtedness in accordance with the terms of your Promissory Note(s).
> 2–You have failed to comply with the covenant in your Deed(s) of Trust To[sic] pay all taxes assessed against the property insured.

*Id.* Thus, it appears that the Government contends that Defendants failed to make required payments under the Promissory Note, and also failed to pay all taxes assessed against the insured property as provided in the Deed of Trust.

As Defendant Burdick has made abundantly clear, he contends that he is not in default because "annual payments of eighteen hundred and sixty five dollars ($1865.00), have been made thirty six times, during each and every year, on this forty year mortgage . . . ." Resp. to Renewed Mot. [DE-42] ¶ 1. In his Response to the Renewed Motion for Summary Judgment, however, Defendant Burdick appears to implicitly concede that he did not pay all taxes against the subject real property, which would constitute a default under the Deed of Trust. Specifically, Defendant Burdick asserts that "[a]lmost half of the debt listed under principal is actually County Property Taxes, which were paid to Martin County without [the FSA] even bothering to contact Defendant by local telephone or letter in regard to the taxes which Defendant was attempting to get

5

reduced." *Id.*, ¶ 4. Burdick asserts that he did not pay his property taxes because he was protesting taxes assessed as to motor vehicles in his possession. *Id.*, ¶ 4.

The Deed of Trust obligates Defendants to "pay when due all taxes, liens, encumbrances and assessments lawfully attaching to and or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payment." Mem. in Support of Renewed Mot. for Summ. J. [DE-35], Aff. of Joe Austin, Ex. B. The Deed of Trust also provides:

> **WHETHER OR NOT THE NOTE IS INSURED BY THE GOVERNMENT, THE GOVERNMENT MAY AT ANY TIME PAY ANY OTHER AMOUNTS REQUIRED HEREIN TO BE PAID BY THE BORROWER AND NOT PAID BY HIM WHEN DUE, AS WELL AS ANY COSTS AND EXPENSES FOR THE PRESERVATION, PROTECTION OR ENFORCEMENT OF THIS LIEN, AS ADVANCES FOR THE ACCOUNT OF THE BORROWER, ALL SUCH ADVANCES SHALL BEAR INTEREST AT THE RATE BORNE BY THE NOTE THAT HAS THE HIGHEST INTEREST RATE. . . . ALL ADVANCES BY THE GOVERNMENT AS DESCRIBED IN THIS INSTRUMENT, WITH INTEREST, SHALL BE IMMEDIATELY DUE AND PAYABLE BY BORROWER . . . .**

*Id.* (emphasis in original).

Thus, when Defendant Burdick did not pay his "County Property Taxes" because he was protesting taxes on his motor vehicles, the Government was entitled under the Deed of Trust to both pay the taxes on the subject real property and demand that Burdick pay to the Government the amount of the taxes it had advanced. His failure to pay taxes on the subject real property, and his failure to promptly repay the Government for its payment of taxes, constitutes a default under the Deed of Trust and the Promissory Note.

Consequently, there appears to be no genuine issue of material fact in this case, and it

hereby is ORDERED that the Government's Renewed Motion for Summary Judgment [DE-34] is ALLOWED. The United States is entitled to judgment against George E. Burdick and Phyllis F. (Burdick) Nicholson, jointly and severally, $24,382.10, plus interest accruing after March 31, 2007, at the daily rate of $3.0474, plus interest on the judgment at the statutory rate until the judgment is satisfied.

Furthermore, the United States is entitled to foreclose the Deed of Trust lien. The method by which foreclosure may be effected, however, is unclear to the court. The Government seeks an order from this court directing the United States Marshal to seize and to sell the property described in the Deed of Trust. The Deed of Trust, however, provides that should default occur, the Government may authorize and request the trustee named in the instrument to foreclose the instrument and sell the property as provided by law.

The Government hereby is DIRECTED to advise the court whether and why this court should order the United States Marshal Service to seize and to sell the property, or whether the disposition of the property should be accomplished under North Carolina by the trustees named in the Deed of Trust.

### III. CONCLUSION

It hereby is ORDERED that the Government's Renewed Motion for Summary Judgment [DE-34] is ALLOWED. The United States is entitled to judgment against George E. Burdick and Phyllis F. (Burdick) Nicholson, jointly and severally, $24,382.10, plus interest accruing after March 31, 2007, at the daily rate of $3.0474, plus interest on the judgment at the statutory rate until the judgment is satisfied.

Furthermore, the United States is entitled to foreclose the Deed of Trust lien. The method

by which foreclosure may be effected, however, is unclear to the court. The Government seeks an order from this court directing the United States Marshal to seize and to sell the property described in the Deed of Trust. The Deed of Trust, however, provides that should default occur, the Government may authorize and request the trustee named in the instrument to foreclose the instrument and sell the property as provided by law.

The Government hereby is DIRECTED to advise the court whether and why this court should order the United States Marshal Service to seize and to sell the property, or whether the disposition of the property should be accomplished under North Carolina by the trustees named in the Deed of Trust. Defendant Burdick's Motion to Allow Discovery[DE-41] is DENIED as moot.

SO ORDERED.

This the 19th day of November, 2007.

James C. Fox
Senior United States District Judge